**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-01883-REB

DANNY J. RUSSOM,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

---

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

---

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed July 20, 2011, seeking

review of the Commissioner's decision denying plaintiff's claim for disability insurance

benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*  I have

jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).  The

matter has been fully briefed, obviating the need for oral argument.  I reverse and

remand.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that he is disabled as a result of pain and limitations resulting

from a left ankle fracture and surgical repair.  After his application for disability

insurance benefits was denied, plaintiff requested a hearing before an administrative

---

[1]  "[#1]" is an example of the convention I use to identify the docket number assigned to a specific
paper by the court's electronic case filing and management system (CM/ECF).  I use this convention
throughout this order.

law judge.  This hearing was held on August 4, 2010.  At the time of the hearing, plaintiff

was 49 years old.  He has an 11th grade education and past relevant work experience

as a plasterer.  He has not engaged in substantial gainful activity since April 1, 2008.

The ALJ found that plaintiff was not disabled and therefore not entitled to

disability insurance benefits.  Although the medical evidence established that plaintiff

suffered from severe impairments, the judge concluded that the severity of those

impairments did not meet or equal any impairment listed in the social security

regulations.  The ALJ found that plaintiff had the residual functional capacity to perform

light work with specified postural and other limitations.  Although this finding precluded

plaintiff's past relevant work, the ALJ concluded that there were jobs existing in

significant numbers in the national and local economies that he could perform.  She

therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff

appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed

this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his

physical and/or mental impairments preclude him from performing both his previous

work and any other "substantial gainful work which exists in the national economy."  42

U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social

Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination."  ***Campbell v. Bowen***, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of

a severe impairment or combination of impairments does not require a finding that an

individual is disabled within the meaning of the Social Security Act.  To be disabling, the

claimant's condition must be so functionally limiting as to preclude any substantial

gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d

335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for

determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th

Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis.  ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that

the claimant is capable of performing work in the national economy.  *Id.*  A finding that

the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933

F.2d 799, 801 (10ᵗʰ Cir. 1991).

      Review of the Commissioner's disability decision is limited to determining

whether the ALJ applied the correct legal standard and whether the decision is

supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human***

***Services***, 961 F.2d 1495, 1497-98 (10ᵗʰ Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194,

1196 (10ᵗʰ Cir. 1990).  Substantial evidence is evidence a reasonable mind would

accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires

more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v.***

***Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is

overwhelmed by other evidence in the record or constitutes mere conclusion."

***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10ᵗʰ Cir. 1992).  Further, "if the ALJ failed

to apply the correct legal test, there is a ground for reversal apart from a lack of

substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10ᵗʰ Cir. 1993).

Although a reviewing court should meticulously examine the record, it may not reweigh

the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

      Plaintiff' claims the ALJ's residual functional capacity assessment is not

supported by substantial evidence.  Specifically, he argues that the ALJ failed to

properly account for his need to elevate his injured ankle periodically throughout the

day, neglected to incorporate his need to alternate periods of sitting and standing throughout the day, and failed to properly specify any lifting and carrying restrictions. As I agree with respect to the first of these arguments, I do not consider the remainder.[2]

On April 1, 2008, plaintiff suffered multiple ankle fractures when a scaffold on which he was working collapsed, causing him to fall 18 feet to the ground.  (Tr. 378.)  In January 2009, Dr. Eric Ridings found that plaintiff had reached maximum medical improvement without surgery.  He stated that plaintiff could lift 20 pounds occasionally and 10 pounds frequently, would need to alternate 20 minutes of weight-bearing activity with 10 minutes of non-weight-bearing activity throughout the day, and could not work at unprotected heights or on ladders.  (Tr. 390.)  The ALJ stated that she afforded "significant weight" to this opinion, but noted that she had imposed greater restrictions based on "subsequent medical evidence."  (Tr. 18.)

In December 2009, Dr. David Richman imposed similar lifting restrictions and noted that plaintiff could walk up for four hours per day, but not more than 45 minutes at one time, with at least 15 minutes of sitting per hour.  (*See* Tr. 443, 447.)  He recommended that plaintiff have surgery "as soon as possible."  (Tr. 444.)  The ALJ ostensibly afforded "weight" to this opinion.  (Tr. 19.)  However, she failed to address or consider a second opinion from Dr. Richman, issued after plaintiff underwent arthroscopic surgery.  (*See* Tr. 397-398.)  In this July 2010 opinion, Dr. Richman suggested that plaintiff could be on his feet for 20 to 30 minutes at a time for no more

---

[2]   Nevertheless, any potential deficiencies highlighted by these additional arguments may be addressed by the ALJ in her reassessment of plaintiff's  residual functional capacity assessment on remand.

than three to four hours of the work day and would need to elevate his foot three to four

times a day for 15 to 20 minutes at a time.  He also imposed postural limitations on

stopping, squatting, crawling, and kneeling.  (Tr. 453-455.)  Later that same month,

plaintiff's surgeon, Dr. Michael Simpson, confirmed that plaintiff would need to elevate

his foot every two to three hours for 15 to 30 minutes at a time.  (Tr. 468.)  The ALJ said

she considered Dr. Simpson's opinion "persuasive" and purported to afford it "significant

weight."  (Tr. 19.)

Considering these treating source opinions, the ALJ found that plaintiff had the

residual functional capacity to perform light work "as defined in 20 CFR 404.1567(b),"

except that he could stand and walk for no more than four hours in an eight-hour day

and had to be able to elevate his foot to chair level for 15 minutes out of every three

hours.  (Tr. 14.)[3]  Plaintiff maintains that this determination is not supported by

substantial evidence because it fails to adequately explain important differences

between the limitations imposed by the treating sources and the ALJ's ultimate residual

functional capacity determination, or to consider Dr. Richman's 2010 opinion.  I agree

and therefore remand.

Residual functional capacity is an administrative determination reserved to the

Commissioner.  *See* 20 C.F.R. § 404.1546; *Rutledge v. Apfel*, 230 F.3d 1172, 1175

(10th Cir. 2000).  Nevertheless, "[i]f the RFC assessment conflicts with an opinion from a

medical source, the adjudicator must explain why the opinion was not adopted."  **Social**

---

[3]  The residual functional capacity was further limited to only occasional climbing, squatting,
stooping, crawling, or kneeling and to work requiring a specific vocational preparation of 3 or less.  (Tr.
14.)

**Security Ruling 96-8p**, 1996 WL 374184 at *7 (SSA July 2, 1996).  Moreover, any

residual functional capacity finding that runs contrary to a medical source statement

must be based on something more than simply the ALJ's own lay opinion regarding the

import of the medical evidence.  ***See Hamlin v. Barnhart***, 365 F.3d 1208, 1221 (10th

Cir. 2004).

The ALJ here purported to afford "significant weight" to Dr. Simpson's opinion

regarding plaintiff's need to elevate his foot.  However, while Dr. Simpson stated that

plaintiff would need to elevate the foot every two to three hours for 15 to 20 minutes at a

time, the ALJ limited plaintiff's residual functional capacity to simply elevating the foot

for 15 minutes every three hours.  (***Cf.*** Tr. 14 ***with*** Tr. 468.)  The ALJ failed to explain

what evidence in the record supported her adoption of the most liberal reading of Dr.

Simpson's opinion, rather than a more restrictive one.  ***See Haga v. Astrue***, 482 F.3d

1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an

uncontradicted medical opinion, taking only the parts that are favorable to a finding of

nondisability.").

Nor did she present the vocational expert with a hypothetical incorporating the

more restrictive ends of the ranges provided by Dr. Simpson.  This lapse is problematic,

especially in light of plaintiff's testimony that he needed to elevate his foot for no less

than 20 minutes at a time to achieve relief.  (Tr. 31.)  ***See Hargis v. Sullivan***, 945 F.2d

1482, 1492 (10th Cir. 1991) ("[T]estimony elicited by hypothetical questions that do not

relate with precision all of a claimant's impairments cannot constitute substantial

evidence to support the Secretary's decision.") (citation and internal quotation marks

omitted).

Moreover, the record does not clearly support the ALJ's conclusion that elevating

the foot to chair level is sufficient.  Dr. Simpson did not specify in his written opinion how

high plaintiff's foot needed to be elevated.[4]  Indeed, the only evidence in the record that

speaks to the matter at all is plaintiff's own testimony that propping his foot on a chair

does not relieve his pain and that he has to lay down and elevate his feet above the

level of his head to achieve relief.  (Tr. 32.)[5]  The ALJ pointed to no evidence of record

that was inconsistent with this testimony, and thus I cannot substantiate her boilerplate

suggestion that plaintiff's statements regarding his symptoms were "not credible to the

extent they are inconsistent with the above residual functional capacity assessment."

(Tr. 19.)  ***See Hardman v. Barnhart***, 362 F.3d 676, 679 (10th Cir. 2004) (boilerplate

recitations, not linked to specific evidence of record, insufficient to support ALJ's

credibility assessment).  Nor was this error harmless, as the vocational expert testified

that the need to lie down so that the feet could be elevated above the heart would

preclude competitive employment.  (Tr. 38.)

The Commissioner points out that Dr. Richman opined that plaintiff did not need

to "lie down to rest during an 8 hour workday." (Tr. 455.)  However, the ALJ did not

acknowledge or address the July 2010 report from which this opinion originated at all.  I

cannot accept the Commissioner's invitation to affirm the ALJ's determination based on

---

[4]  To the extent the ALJ was unclear as to the import of this apparent omission, she could have contacted Dr. Simpson for further explication.  ***See*** 20 C.F.R. § 404.1512(e); **Social Security Ruling 96-5p**,1996 WL 374183 at *6 (SSA July 2, 1996).

[5]  It was the vocational expert who inquired whether raising the foot to chair level would be sufficient.  (***See*** Tr. 37-38.)

arguably ambiguous evidence she herself did not consider.  ***See Grogan v. Barnhart***,

399 F.3d 1257, 1263 (10th Cir. 2005) ("[T]he district court may not create post-hoc

rationalizations to explain the Commissioner's treatment of evidence when that

treatment is not apparent from the Commissioner's decision itself.").  Accordingly, this

case must be remanded.[6]

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law

Judge that plaintiff was not disabled is **REVERSED**; and

2. That this case is **REMANDED** to the ALJ, who is directed to

    a.    Reevaulate plaintiff's residual functional capacity, including, but not limited to, determining based on evidence in the record the height to which plaintiff is required to elevate his foot, as well as the number of times per day he is required to do so and the duration of each such incidence;

    b.    Recontact any treating, examining, or reviewing sources for further clarification of their findings, seek the testimony of additional medical or vocational experts, order additional consultative or other examinations, or otherwise further develop the record as she deems necessary;

---

[6] Plaintiff asks me to direct an award of benefits in his favor.  Given the ambiguity introduced by Dr. Richman's 2010 opinion, I find it would not be proper to exercise my discretion in that regard here. ***See Nielson v. Sullivan***, 992 F.2d 1118, 1122 (10th Cir. 1993).  By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

       c.      Reevaluate her step-five determination; and

       d.      Reassess the disability determination.

Dated September 19, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge